LINK: 1

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-4742 GAF (FMOx) | Date | July 9, 2010 |
|---|---|---|---|
| Title | Robin Burns et al v. Tectrans, Inc. et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**     **(In Chambers)**

### ORDER TO SHOW CAUSE

### I.  INTRODUCTION

Plaintiffs Robin and Kevin Burns ("Plaintiffs") filed this action against Defendants Tectrans, Inc. d/b/a Tectrans Holdings ("Tectrans"), Yellow Cab of Greater Orange County d/b/a Classic Yellow Cab ("Yellow Cab"), and Huron Capital Partners, LLC ("Huron").  According to the complaint, the claims fall within this Court's jurisdiction pursuant to 28 U.S.C. § 1332. (Compl. ¶ 1.)  However, Plaintiffs' complaint fails to properly plead diversity of citizenship.

### II.  DISCUSSION

Section 1332 confers federal courts with jurisdiction over "all civil actions where the matter in controversy exceed...$75,000...and is between...[c]itizens of different States."  28 U.S.C. § 1332(a)(1).  "A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same state."  Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 388 (1998); In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff.") (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267 2 L.Ed. 435 (1806)).  Therefore, to establish complete diversity, Plaintiffs must properly allege the citizenship of every party in this action.

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-4742 GAF (FMOx) | Date | July 9, 2010 |
|---|---|---|---|
| Title | Robin Burns et al v. Tectrans, Inc. et al | | |

### A. PLAINTIFFS' CITIZENSHIP

"[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not residency." Kanter v. Warner Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) (citations omitted).  With respect to a natural person, state citizenship is "determined by her state of domicile, not her state of residence." Id. (citations omitted); see also Mantin v. Broadcast Music, Inc., 244 F.2d 204, 206 (9th Cir. 1957) (stating that "[r]esidence and citizenship are not the same thing").  "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." Id. (citations omitted).  In this case, Plaintiffs allege that they "are individuals residing in the County of Riverside, State of California," but fail to plead their citizenship.  (Compl. ¶ 5 (emphasis added).)  To properly invoke this Court's diversity jurisdiction, Plaintiffs must specifically allege their states of citizenship.[1]

### B. HURON'S CITIZENSHIP

Plaintiffs' allegations regarding Huron's citizenship are also defective.  For purposes of determining diversity of citizenship under section 1332, "an LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).  Here, Plaintiffs allege that Huron is "a limited liability company with its principal place of business in Detroit, Michigan."  (Compl. ¶ 2.)  However, Plaintiffs fail to plead the citizenship of Huron's owners or members.  Accordingly, Plaintiffs' allegations do not adequately describe Huron's citizenship.

### III. CONCLUSION

In light of the foregoing, Plaintiffs are **ORDERED TO SHOW CAUSE, no later than Monday, July 19, 2010**, why this case should not be dismissed for lack of subject matter jurisdiction.  A written memorandum addressing the Court's concerns shall constitute a sufficient response to this order.

**IT IS SO ORDERED.**

---

[1] The Court notes that Tectrans and Yellow Cab, whose states of citizenship are properly alleged, are citizens of California.  (Compl. ¶¶ 3-4.)  If either Robin or Kevin Burns is also a California citizen, the parties would not be completely diverse and this Court would lack subject matter jurisdiction over this case.